# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LYNDA MACHALETTE,

    Plaintiff,

v.                                       Case No. 8:10-cv-600-T-30TGW

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration of Court's Order Granting Summary Judgment and Entry of Final Judgment in Favor of Defendant (Dkt. 44) and Defendant's Response in opposition (Dkt. 45). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On August 23, 2011, the Court granted Defendant Southern-Owners Insurance Company's motion for summary judgment and entered a final judgment in Defendant's favor (Dkt. 42). Plaintiff now moves the Court for reconsideration of its Order, arguing that the court misapplied *Powell v. Prudential Property & Casualty Insurance Co.*, 584 So. 2d 12,

14 (Fla. 3d DCA 1991) and relied upon irrelevant and/or disputed facts. The Court disagrees and denies Plaintiff's motion for reconsideration.

Plaintiff's main argument for reconsideration is that the Court incorrectly applied *Powell* because it transformed *Powell's* duty to initiate settlement negotiations into a duty to tender policy limits. Plaintiff misreads the Court's Order. As Defendant points out in its response, the Court correctly articulated and applied *Powell*. The Court's Order merely reflects the fact that Defendant ultimately offered to tender the policy limits after it was finally provided with information about the extent of Mr. Olivio's injuries. In other words, *Powell* was discussed in the context of this fact; the Court did not alter the extent of Defendant's duty under *Powell*.

The Court's approach mirrored that of the district court in *Ahoy v. State Farm Mutual Automobile Insurance Company*, 09-CV-21400-CIV, 2010 WL 727967, at *1 (S.D. Fla. Jan. 5, 2010), *aff'd*, 394 Fed. Appx. 655 (11th Cir. 2010). And, like the district court in *Ahoy*, the Court concluded that Defendant was unable to determine that Mr. Olivio's injuries were so serious that a judgment in excess of the policy limits was likely until months after the underlying suit was filed.[1] Until that time, Defendant owed no duty under *Powell* to <u>initiate</u> settlement negotiations. Thus, Plaintiff's argument is without merit.

---

[1] Indeed, the district court in *Ahoy* held: "the Court finds that no reasonable fact finder could conclude that State Farm's decision to wait for verification from a reliable source-such as a licensed attorney-that Ahoy's damages exceeded $15,000 before tendering the $15,000 policy limit was unreasonable." 2010 WL 727967, at *5

Plaintiff's final argument is that the Court relied on irrelevant and/or disputed facts. This argument is similarly without merit. Plaintiff argues that there is a dispute regarding whether five days after the accident Defendant asked Mrs. Olivio to send medical documentation of Mr. Olivio's injuries. Plaintiff fails to cite to the record regarding this alleged "dispute" and Plaintiff's response to Defendant's motion for summary judgment cites to no evidence that would place this fact in dispute. Moreover, this fact was not material to the Court's conclusion that Defendant was entitled to summary judgment as a matter of law.

Also, the Court's discussion of Mike Walker's post-filing behavior is not irrelevant. These facts demonstrate Defendant's inability, even after the suit was filed, to determine whether Mr. Olivio's damages likely exceeded the policy limits until the attorney representing Machalette in the underlying action filed a motion to compel the information and the court set the matter for hearing. And, even if the Court were to agree with Plaintiff that anything occurring after-suit was not relevant because Plaintiff would not have settled with Defendant after the underlying suit was filed (which it does not), Plaintiff's argument still does not change the fact that pre-suit, Defendant was unable to determine that Mr. Olivio's injuries were so serious that a judgment in excess of the policy limits was likely. Thus, Defendant did not have an affirmative duty pre-suit to initiate settlement negotiations.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration of Court's Order Granting Summary Judgment and Entry of Final Judgment in Favor of Defendant (Dkt. 44) is DENIED.

2. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on October 3, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-600.mtreconsider44.frm